UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM AYERS, :
:
   Petitioner : CIVIL ACTION NO. 3:CV-09-0018
:
v. : (Judge Nealon)
:
SCI-MAHANOY, et al., :
:
   Respondents :

FILED SCRANTON
JUN 0 2 2009
PER _____ DEPUTY CLERK

**MEMORANDUM AND ORDER**

Petitioner, William Ayers, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Luzerne County, Pennsylvania. (Doc. 1). For the reasons that follow, the petition will be denied for Petitioner's failure to exhaust state court remedies.

**Background**

On October 14, 2005, at the conclusion of a jury trial, Petitioner was convicted in the Luzerne County Court of Common Pleas of one (1) count each of corruption of minors, criminal conspiracy, and criminal solicitation. Commonwealth of Pa. v. Ayers, CP-40-CR-0001465-2005, Criminal Docket

1

Sheet).

On February 22, 2006, Ayers was sentenced on the corruption of minors conviction to a nine (9) to thirty-six (36) month term of incarceration, to run concurrent to a sentence Petitioner was serving from another county. Id. The Court found that the other two (2) counts merged with each other, and imposed a six (6) to eighteen (18) month sentence of incarceration, to run concurrent with Petitioner's sentence for corruption of minors and the sentence Petitioner was currently serving. Id.

On April 24, 2006, Ayers filed a Notice of Appeal with the Pennsylvania Superior Court. Id. On March 28, 2007, before any action was taken by the Superior Court, counsel discontinued and withdrew Petitioner's appeal, at his request. Id.

On December 5, 2007, Ayers, acting pro se, filed a notice of appeal to the Superior Court. Id. By Order dated August 13, 2008, the Superior Court quashed Petitioner's appeal on the grounds that it was not taken from an appealable order. Id. The Superior Court further ordered that the trial court appoint counsel to represent Ayers in the filing of a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). Id.

On October 15, 2008, the Luzerne County Court of Common Pleas appointed

counsel to investigate Ayers' claims. Id. By Order dated January 12, 2009, upon consideration of Petitioner's motion, the trial court appointed new counsel. Id. The last entry in Petitioner's criminal docket is a document entitled "Amendments to PCRA petition", which was filed on May 14, 2009. Id. Thus, it appears that Petitioner's PCRA petition is currently pending in the Luzerne County Court.

On January 7, 2009, Ayers filed the instant petition for writ of habeas corpus, in which he raises twenty-one (21) grounds for relief. (Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Miller that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 7). On February 25, 2009, Ayers returned the notice of election form, indicating that he wished to proceed with the petition for writ of habeas corpus as filed. (Doc. 10). On March 12, 2009, a Show Cause Order was issued, directing that the petition be responded to as filed. (Doc. 12). A response to the petition was filed on May 1, 2009. (Doc. 18). No traverse was filed. Thus,

3

the petition for writ of habeas corpus is ripe for disposition.

**Discussion**

The Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

Ayer's PCRA petition is still pending in the state court. Therefore, his petition will be dismissed without prejudice to his right to pursue federal habeas corpus relief at the conclusion of the state collateral review process. An appropriate order is attached.

DATED: June 2, 2009

_____
**United States District Judge**

4

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM AYERS, | : |
| Petitioner | : CIVIL ACTION NO. 3:CV-09-0018 |
| v. | : (Judge Nealon) |
| SCI-MAHANOY, et al., | : |
| Respondents | : |

## ORDER

**AND NOW, THIS** 2nd **DAY OF JUNE, 2009**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice to petitioner's right to pursue federal habeas corpus relief at the conclusion of the state collateral review process.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

_____
**United States District Judge**